No. 25-6017

In re: Robert Duane Wagner

*Debtor*

------------------------------

Robert Duane Wagner

*Debtor-Appellant*

v.

Mary R. Jensen, Acting U.S. Trustee

*U.S. Trustee-Appellee*

U.S. Bank National Association

*Creditor-Appellee*

---

Appeal from United States Bankruptcy Court
for the District of Minnesota
(25-42869)

---

**ORDER**

Before the Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") is Debtor-Appellant's motion for stay pending appeal of the bankruptcy court's oral ruling denying his motion for stay pending appeal rendered December 10, 2025, and memorialized in writing by order entered December 12, 2025. Through this motion, it appears Debtor-Appellant ("Appellant") seeks to stay his eviction from "his residence (custom-built home and shop)" ("Property"). A review of the record before the BAP indicates foreclosure of the Property took place on January 21, 2025, the redemption period for such Property expired on July 21, 2025, and eviction was set for September 2025, the same month Appellant filed the bankruptcy petition. On October 9, 2025, the Bankruptcy Court for the District of Minnesota granted U.S. Bank National Association relief

from the automatic stay to proceed with its eviction action against Appellant regarding the Property. An order entered October 30, 2025, by the bankruptcy court denied Appellant's motion for reconsideration of the October 9, 2025 order granting relief from stay and dismissed the case for Appellant's repeated failure to file the required documents under 11 U.S.C. § 521(a), including schedules, and failure to file a chapter 13 plan. Appellant filed a motion before the bankruptcy court to vacate the order dismissing case and reimpose the automatic stay and a motion for extension of time to appeal, both of which the bankruptcy court denied on December 5, 2025. On December 8, 2025, Appellant appealed the December 5, 2025 denial orders. On December 9, 2025, Appellant filed an "Emergency Motion for Stay Pending Appeal" with the bankruptcy court, which the bankruptcy court heard on December 10, 2025, and denied. On December 12, 2025, Appellant filed an "Emergency Motion for Stay Pending Appeal" with the BAP, the emergency motion now before the BAP.

Appellant bears the burden of proving the circumstances justifying the imposition of a stay pending appeal. *Kleinman v. Hylton*, No. 20-cv-03319, 2021 WL 612406, at *1 (W.D. Mo. Jan. 27, 2021) (first citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009); and then citing FED. R. BANKR. P. 8007(a)), *appeal dismissed*, No. 21-1351, 2022 WL 496029 (8th Cir. Feb. 3, 2022). "[W]here the trial court has already considered and ruled on the request for a stay pending appeal, the 'appellate' court's role is limited to determining whether the trial court abused its discretion." *Cmty. Fed. Sav. & Loan Ass'n v. Stratford Hotel Co. (In re Stratford Hotel Co.)*, 120 B.R. 515, 516 (E.D. Mo. 1990) (citing *In re Rhoten*, 31 B.R. 572 (M.D. Tenn. 1983)); *see also Kleinman*, 2021 WL 612406, at *1. In determining whether the bankruptcy court abused its discretion, the BAP reviews the legal conclusions *de novo* and upholds the factual conclusions unless clearly erroneous. *In re Stratford Hotel Co.*, 120 B.R. at 516 (citing *Kubicik v. Apex Oil Co. (In re Apex Oil Co.)*, 884 F.2d 343, 348 (8th Cir. 1989)).

Courts apply a four-factor test when determining whether to grant a motion for stay pending appeal. The movant "must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest." *Ross v. Strauss (In re Ross)*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (first citing *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994); and then citing *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982)); *see also Kleinman*, 2021 WL 612406, at *1.

In seeking to prevent eviction from the Property, Appellant argues the bankruptcy court overlooked its equitable discretion to effect "reinstatement of the automatic stay . . . [and] override prior relief-from-stay orders." Appellant's desire to stop the eviction, while understandable, especially in the Minnesota winter, is insufficient to satisfy the four-factor test for granting stay pending appeal. Appellant has not demonstrated he has any legal interest in the Property now that

the foreclosure was completed and the redemption period has lapsed, not shown how he could be entitled to "reinstatement of the automatic stay" under 11 U.S.C. § 362 in a case the bankruptcy court has now dismissed, and not presented any argument to explain why dismissal was improper or why an extension of time to appeal should have been granted. *See Bugg v. Gray (In re Gray)*, 642 F. App'x 641, 643 (8th Cir. 2016) ("The automatic stay continues until the property in question is no longer property of the estate, the case is closed or dismissed, or a discharge is granted or denied."). Relief from stay to proceed with eviction of Appellant from the Property was granted by the bankruptcy court on October 9, 2025, the appeal time has run, and Appellant's bankruptcy case was dismissed for deficiencies caused voluntarily by Appellant. Accordingly, Appellant is unlikely to succeed on the merits.

Homelessness may be a serious harm to Appellant if the eviction took effect, however, the eviction was originally scheduled for September 2025, prior to Appellant's bankruptcy filing, relief from stay was granted on October 9, 2025, and Appellant has failed to demonstrate how he could be entitled to "reinstatement of the automatic stay," so even though the second factor is the one that could weigh in favor of Appellant's position, it does not do so here in light of the record in Appellant's case. With respect to the third factor, if Appellant's motions were granted, other parties could be expected to suffer harm, including U.S. Bank National Association who has experienced substantial harm by Appellant delaying the eviction that was scheduled in September 2025. Finally, while Appellant notes a public interest in protecting the indigent, this is insufficient to satisfy the fourth factor. The lack of finality is against the public interest, and there is no support to determine otherwise.

We have considered this motion on an emergency basis and after reviewing the record on appeal, we find the bankruptcy court did not abuse its discretion, and the motion for stay is denied.

Order Entered at the Direction of the Court:
Clerk, U.S. Bankruptcy Appellate Panel, Eighth Circuit.

_____
/s/ Susan E. Bindler